UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| Plaintiff, | * |
| v. | * Misc. No. 08-0025-KD-M |
| SHAUN DORNSTADTER, | * |
| Respondent. | * |

## ORDER

This matter came before the court on January 13, 2009, on a show cause hearing on the United States' Petition to Enforce an Internal Revenue Service (IRS) Summons issued to respondent SHAUN DORNSTADTER.  (doc. 1) Present at the hearing were the respondent, Shaun Dornstadter, and Assistant United States Attorney Alex Langford, IV.  For the reasons stated on the record at the hearing, and herein below, the United States' Petition is GRANTED.

On November 12, 2008, the United States filed a Petition seeking an order from the court enforcing an IRS Summons.  Shortly thereafter, the court entered an Order requiring respondent, SHAUN DORNSTADTER, to appear before the court on January 13, 2009, to show cause why he should not be compelled to comply with the Summons. (doc. 3) The court further ordered respondent to file a written response to the United States' Petition, two weeks prior to the hearing (December 31, 2008), and to serve on the United States any defenses or motions in opposition; any uncontested allegations in the petition are deemed to be admitted.  Respondent filed a response on January 5, 2009. (doc. 6)[1]

The Eleventh Circuit has described the requirements the IRS must establish for judicial

---

[1] The response is signed and dated December 30, 2008, and is deemed timely filed.

enforcement of an IRS summons as follows:

> In order to succeed in enforcing a summons, the IRS must show four elements: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. Medlin, 986 F.2d at 466.
>
> Once the showing required by Powell is made, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir.1985). The taxpayer does not meet his burden by contesting the underlying validity of the assessment because the validity of the assessment may not be challenged in a summons enforcement proceeding. United States v. Harper, 662 F.2d 335, 336 (5th Cir. Unit B Nov.1981)

U.S. v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008).

The government's burden is slight and is typically met be providing an affidavit from the IRS agent issuing the summons. Id. citing United States v. Medlin, 986 F.2d 463, 466 (11th Cir.1993). In the present case, the IRS has presented the affidavit of agent Richard Wilder setting out the required elements. At the hearing the government presented testimony of Agent Wilder and respondent was afforded the opportunity to cross examine Mr. Wilder.

The court found that the IRS satisfied its burden as articulated under Powell and respondent was afforded the opportunity " 'to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process.'" Morse, 532 F.3d at 1132, quoting La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir.1985). Respondent offered no evidence to refute the

IRS's *prima facie* showing. [2]  Accordingly, the court finds that the United States is entitled to the requested relief.  Pursuant to 26 U.S.C. § 7604(a), it is hereby ORDERED that respondent, SHAUN DORNSTADTER shall appear in person before IRS Revenue Officer Richard Wilder, or any other officer designated by the IRS, at the following location: **Daphne Municipal Courtroom, 1502 U.S. Hwy.98, Daphne, AL 36532, (251) 621-2824 on Wednesday, February 13, 2009 at 10:00 a.m.**[3] at which time Respondent shall comply fully with the Summons and produce books, papers, records, or other requested information, or give testimony in accordance with the summons.

The United States Marshal's Service shall serve Respondent with a copy of this Order

---

[2]  In objection to the petition respondent raises a general Fifth Amendment defense. While a taxpayer is entitled to invoke this privilege in response to the IRS's investigation, he 'must provide more than mere speculative, generalized allegations of possible tax-related prosecution...[T]he taxpayer must be faced with substantial and real hazards of self-incrimination.'" U.S. v. Argomaniz, 925 F. 2d 1349, 1353 (11th Cir. 1991); Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself-his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified....")  Thus, the Fifth Amendment privilege may not be asserted generally, but must be made on a question by question basis.  See Argomaniz, 925 F. 2d at 1355 (district court must review assertions of privilege on a question by question basis); see also United States v. Roundtree, 420 F.2d 845, 852 (5th Cir.1969) ("The district court may then determine by reviewing ... [the taxpayer's] records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded.")

Respondent also moves the court to dismiss the petition.  Based on the evidence presented at the hearing and the determination that the IRS has met its burden under Powell, the request for dismissal of the petition is DENIED.

[3]  The respondent, the AUSA and IRS agent all agreed to the time and date for the interview at a mutually convenient location.  The Court has been advised by the government that the location initially discussed, the Daphne Public Library, is unavailable and that the Daphne Civic Center charges for the use of its space.  The Daphne Municipal Courtroom is available. The interview of Summer Dornstadter, spouse of respondent and named as respondent in Civil Action 08-26, United States of America v. Summer Dornstadter, will begin immediately following the conclusion of Mr. Dornstadter's interview.

3

within 30 days. By service of this Order Respondent is hereby placed on notice that his failure to comply with this Order in a timely fashion and in full will render him in contempt of court and will result in appropriate civil-contempt sanctions, including imprisonment and/or fines, according to law and without further notice. See 26 U.S.C. § 7604 (b); United States v. Money, 744 F. 2d 779 (11th Cir. 1984); United States v. Hayes, 722 F. 2d 723 (11th Cir. 1984). The court retains jurisdiction over this matter for the purpose of enforcing its Orders and imposing appropriate sanctions against Respondent if he fails to comply with the terms of this Order.

**DONE** and **ORDERED** this the 14th day of January 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**